**Keith Russell JUDD, Plaintiff–Appellant,**

v.

**John B. FOX, Warden, Defendant–Appellee.**

**Keith Russell Judd, Plaintiff–Appellant,**

v.

**John B. Fox, Warden, and Federal Correctional Complex—Beaumont, Defendants–Appellees.**

Nos. 2008–1275, 2008–1359.

United States Court of Appeals, Federal Circuit.

Aug. 27, 2008.

Jeanne E. Davidson, Department of Justice, Washington, DC, for Defendants–Appellees.

Keith Russell Judd, Texarkana, TX, pro se.

Before RADER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.

ON MOTION

PER CURIAM.

### ORDER

Keith Russell Judd moves to reinstate appeal no. 2008–1275 and for an extension of time to file his brief in appeal no., 2008–1359. The court considers whether both appeals should be transferred to the United States Court of Appeals for the Fifth Circuit.

In the district court case underlying appeal no. 2008–1275, Judd petitioned for a writ of habeas corpus. *Judd v. Fox*, No. 08–CV–48 (E.D.Tex.). The district court denied the petition and entered final judgment, and Judd appealed. The appeal was dismissed on April 2, 2008, 274 Fed.Appx. 876, for failure to pay the filing fee. Judd has now paid the filing fee and moved for reinstatement. This court's jurisdiction over appeals of district court decisions is limited primarily to cases involving patents and suits against the United States not exceeding $10,000. *See* 28 U.S.C. § 1295(a)(1), (2). This court lacks jurisdiction over a habeas corpus action. Thus, we reinstate appeal no. 2008–1275 and transfer the appeal to the United States Court of Appeals for the Fifth Circuit.

In the district court case underlying appeal no. 2008–1359, Judd also sought a habeas corpus petition. *Judd v. Fox*, No. 07–CV–864 (E.D.Tex.). The district court granted John B. Fox's motion to seal his response to the habeas petition, and Judd appealed, alleging that the order was an immediately appealable collateral order.

It appears that the district court has not yet entered final judgment in that proceeding. This court's jurisdiction over appeals of district court decisions is limited primarily to cases involving patents and suits against the United States not exceeding $10,000. *See* 28 U.S.C. § 1295(a)(1), (2). This court lacks jurisdiction over a habeas corpus action. Thus, we transfer the appeal to the United States Court of Appeals for the Fifth Circuit. In so transferring, we make no determination whether the order of which Judd seeks review is appealable.

Accordingly,

IT IS ORDERED THAT:

(1) Judd's motion to reinstate appeal no. 2008–1275 is granted. The appeal is reinstated and the mandate is recalled.

(2) Judd's motion for an extension of time to file his brief in appeal no. 2008–1359 is granted.

(3) The above-captioned appeals and Judd's brief in 2008–1359 are transferred to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1631.